RECEIVED

SEP 2 9 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DUSTIN BLAKE WRIGHT** | : | **DOCKET NO. 2:13-0365** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **EXCEL PARALUBES, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a "Motion for Summary Judgment" (R. #35) filed by defendants, EXCEL PARALUBES ("Excel") and CONOCOPHILLIPS COMPANY ("CP") who seek to be dismissed from the instant lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure. Excel/CP maintain that they are the statutory employer of plaintiff, Dustin Blake Wright, pursuant to the Louisiana Workers' Compensation Act[1] and therefore should be dismissed because his claims lie solely in workers' compensation.

## FACTUAL STATEMENT

On or about February 24, 2012, Wright was injured while working in a vacuum tower at the Excel Paralubes facility in Westlake, Louisiana. In his complaint, Wright alleges that he was injured when a fire blanket ignited during welding operations. At the time, Wright was employed by Wyatt Field Service Company ("Wyatt"); he subsequently collected workers' compensation benefits.

The Excel Paralubes facility in Westlake, Louisiana is owned by Excel Paralubes, a partnership; CP is the operating partner with Excel. On May 15, 2003, CP and Wyatt executed a

---

[1] La. R.S. 23:1201, *et seq.*

Master Service Agreement ("MSA") which designated Wyatt employees as statutory employees of CP under Louisiana's Workers' Compensation Law. The MSA was in full force and effect on the day of the accident. The MSA provides in pertinent part the following:

## COVERAGE OF LOUISIANA WORKERS COMPENSATION LAW

The following provisions and terms shall apply in all cases where Contractor's employees (defined to include Contractor's direct, borrowed, special or statutory employees) are covered by the Louisiana Workers' Compensation Law, Louisiana Revised Statutes ("La. R.S.") 23:1021, *et seq.*) as to work or services performed under this Agreement:

1.  In all cases where Contractor's employees (as defined above) are covered by the Louisiana Workers' Compensation Law, La. R.S. 23:1021, et seq., Company and Contractor agree that the work and operations performed by Contractor and its employees pursuant to the Agreement are an integral part of and are essential to the ability of Company to generate Company's goods, products and services, and that Contractor's work and services shall be considered part of Company's trade, business, and occupation, for purposes of La. R.S. 23:1061(A)(1). Furthermore, Company and Contractor agree that Company is the principal or statutory employer of Contractor's employees for purposes of La. R.S. 23:1061(A) only. Irrespective of Company's status either as the statutory employer or as the special employer (as defined in La.R.S. 23:1031(C)) of Contractor's employees, and regardless of any other relationship or alleged relationship between Company and Contractor's employees, Contractor shall be and remain at all times primarily responsible for the payment of Louisiana workers' compensation benefits to its employees, and shall not be entitled to seek contribution for any such payments from Company. This exhibit is limited to and shall apply only in and to the extent of instances involving coverage of the Louisiana Workers' Compensation Law.[2]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the

---

[2] Exhibit G, attached to exhibit A, attached to Defendant's exhibit C. R. #35-6.

moving party is entitled to judgment as a matter of law."[3] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[4] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[5] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[6] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[7] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[8] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[9] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[10]

---

[3] Fed. R.Civ. P. 56(c).

[4] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[5] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[6] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[7] Anderson, 477 U.S. at 249.

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[9] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[10] Anderson, 477 U.S. at 249-50.

## LAW AND ANALYSIS

Wright maintains that because defendants were grossly negligent, the statutory employer

provision does not operate to eliminate Excel/CP's potential liability. Wright relies on the following

provisions in the MSA:

### COVERAGE OF LOUISIANA WORKERS COMPENSATION LAW

\* \* \*

Nothing in this exhibit shall be deemed to extend to company a right of control or direction over Contractors' employees or to affect or modify either Contractor's status as an Independent contractor or Contractor's obligations under Article 26(a)(ii) or any other provision of this agreement.[11]

\* \* \*

### RISK STRUCTURE

\* \* \*

(b)     Personnel and Property of Contractor
Company shall have no responsibility towards contractors and its' subcontractors in respect of damage to or loss of Contractor's or its' subcontractors' property or for injury to or death of Contractors or its' contractors' employees or invitees.[12]

\* \* \*

However, the exclusions of liability and indemnities contained in (a)(b)(c) and (d) shall not apply to any claim or liability caused by gross negligence, malice or willful misconduct and further shall not in any event apply to awards or assessments of punitive damages."[13]

Wright interprets these provisions to mean that if there is gross negligence on the part of the

company (CP),  the company will have responsibility towards the contractor for injury or death of

---

[11] Exhibit G, attached to Defendants' exhibit A, Bates stamped 01039.

[12] Defendants' exhibit A, Bates stamped  01019. R. #35-6.

[13] Id., ¶ 12(e), Bates stamped 1020.

4

contractors' employees or invitees. Wright has alleged that Excel/CP was grossly negligent by not warning Wright or Wyatt of the dangers inside the vessel, thus creating an extremely volatile situation.

Wright relies on the answers to Supplemental Interrogatory No. 2[14] wherein defendants responded that John McMullen, a CP employee, was responsible for preparation and clean out of W-12003, the vessel wherein Wright was injured, and that "it was never represented or intended to completely cleanse the tower vessel of petroleum products, as that is nearly impossible given the penetrating nature of lube oil."

In other Interrogatories propounded by defendants, AIR GAS ON-SITE SERVICES, INC., CONOCO PHILLIPS stated that "preparation and clean out of the W-12003 vacuum tower was performed by John McMullen, and further answered that "even after the towers are drained, steam cleaned, and vented, because of the viscosity and penetrating ability of the oil that is being refined for the specific purpose of having those qualities, they are never completely and totally free from base oil residue."[15]

Wright then submits that even though Excel/CP knew oil residue would be left in vessel W-12003, McMullen signed off on a confined space entry permit[16] which permitted Wright to enter the vessel to perform "hot" work consisting of welding and cutting of steel beams even though petroleum products remained in the vessel.

Defendants maintain that it is uncontested that Wright was a statutory employee of Excel/CP

---

[14]  Wright's exhibit A.

[15]  Wright's exhibit B.

[16]  Wrights' exhibit 7, Bates stamped 178.

and therefore his sole recourse lies in Workers' Compensation. Defendants argue that Wright has failed to overcome the presumption that Wright is a statutory employee of Excel/CP, he fails to address the relevant factors necessary to meet that burden, and further fails to submit any material facts to create a genuine issue of material fact for trial.

Defendants submit that Wright's arguments as to gross negligence at best, create a possible conflict in the indemnity provisions between CP and Wyatt; defendants argue that because Wright is not a party to the MSA, he has no standing to assert such claims, but more significantly this does not change his status as a designated statutory employee. Defendants remark that the intention of the parties with regard to Exhibit G attached to the MSA is to make the Wyatt employees statutory employees of CP and by extension Excel for LWCA purposes. Thus, defendants maintain that Wright cannot refute the fact that he was a statutory employee of Excel/CP at the time of the accident. Defendants further maintain that proven acts of gross negligence are covered under the LWCA citing Reeves v. Structual Preservation System.[17]

Wright next maintains that because only CP executed the MSA and Excel did not, Wright cannot be a statutory employee of Excel. Defendants submit that Excel is a partner with CP and that CP, as the operating partner, had the authority to bind Excel and to execute contracts on behalf of Excel. Defendants rely on Louisiana Civil Code article 2814 which provides that a partner is a mandatary of the partnership for all matters in the ordinary course of its business. Louisiana Civil Code article 2816 provides:

An obligation contracted for the partnership by a partner in his own name binds the

---

[17] 731 So.2d 208 (La. 3/12/99); see also Mouton v. Blue Marlin Specialty Tools, Inc., 799 So.2d 1215 (La.App. 3rd Cir. 10/31/01)(negligence, common place accidents, gross negligence and/or violation of safety rules, all remain in workers' compensation).

partnership if the partnership benefits by the transaction or the transaction involves matters in the ordinary course of its business.  If the partnership is so bound, it can enforce the contract in its own name.

Defendants submit the Operating Agreement ("OA") between Excel and CP wherein CP was given the authority to operate the Excel facility.[18]   Section 3.2 of the OA gives CP authority to "provide or arrange for routine engineering and technical services and other support services; select engineers and contractors for the construction of modifications or additions to the facilities and review and approve contracts for such services; provide (employer contract) personnel as required for Excel Paralubes and conduct personnel affairs."[19] Thus, defendants maintain that Excel can enforce the MSA executed by Wyatt and CP in its own name, and that the MSA inures to the benefit of Excel, meaning that Excel is a statutory employer.

The court has reviewed the MSA and attachments, the OA and other summary judgment evidence and finds that the MSA inures to the benefit of Excel, the non-operating partner and further that Wright is a statutory employee of Excel and CP.[20] Finally, the court finds without deciding if defendants' acts were grossly negligent, that even if said acts were grossly negligent, Wright's claims lie solely in workers' compensation.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing

---

[18] Defendants' exhibits G and H.

[19] Defendants' exhibit G, p. 9-11.

[20]  See St. Angelo v. United Scaffolding, Inc./X-Serv., Inc., 40 So.3d 365 (La.App. 4 Cir. 5/19/10) (a joint operating agreement between the operating partner and the facility owner serves to extend statutory employer status where the Operator is authorized to contract on behalf of the facility owner).

with prejudice Wright's claims against defendants, Excel and CP, at Wright's costs.

The Court determines that there is no just reason for delay and will direct entry of final

judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this _29ᵗʰ_ day of

September, 2014.


JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE