U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 1 0 2017

TONY R. MOORE, CLERK
BY: _____ MB
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DUSTIN BLAKE WRIGHT | CIVIL ACTION NO. 2:13-0365 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| REVCO INDUSTRIES INC, ET AL | MAG. JUDGE KAY |

### MEMORANDUM RULING

Before the court is "Revco Industries, Inc.'s Motion for Summary Judgment" (R. #98) wherein defendant, Revco, seeks to be dismissed from the instant lawsuit. Revco maintains that plaintiff lacks sufficient evidence to establish any claim under the Louisiana Products Liability Act.

### FACTUAL STATEMENT

On February 24, 2012, Plaintiff, Dustin Wright, was employed by Wyatt Field Services and working inside a tower at the ConocoPhillips plant with fellow co-worker, Derrick Johnson. Johnson was using an arc gouger device, and Wright was working as his assistant. The workers had laid a fire blanket on the ground to extinguish any molten steel that fell. At some point a piece of molten steel fell on the fire blanket; Johnson used the jet of air from the arc gouger to extinguish the steel and inadvertently blew the fire blanket and molten steel onto plaintiff's leg causing Mr. Wright to suffer severe burns.[1] This account was confirmed by ConocoPhillips' formal Root Cause Failure Analysis.[2] However, Mr. Wright now disputes the fact that Mr. Johnson used the arc gouger and blew the fire onto his leg.

---

[1] Defendant's exhibit B, depo. of EMT, Rhett Kilmer, pp. 6, 10-12; depo. of Ross Westbrook, pp. 6 and 13, depo. of Jimmie Cole, pp. 7-8, 10, depo. of Tammie Wright, pp. 57-58.
[2] Defendant's exhibit C.

1

Wright alleges that at the time of the accident, he was wearing fire-resistant coveralls known as "Black Stallion" manufactured by defendant, Revco. While the 100% cotton coveralls are fire resistant, they are not fireproof. These coveralls had a tag attached to them that warns that their "flame resistant coating" lasts only through 50 laundering cycles.

Revco submits plaintiff's expert report of industrial hygienist, Richard L. Miller, who opined that plaintiff's injuries were the direct result of negligence by defendants, ConocoPhillips and Excel Paralubes.[3] [4] The expert report does not mention any liability with regards to the coveralls and/or their manufacturer, Revco.

The coveralls being worn by Mr. Wright were an old pair he obtained during his previous employment with USI; he has no knowledge and there is no evidence submitted as to how many times Mr. Wright had laundered the coveralls.[5]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[6] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[7] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[8] As to issues which the non-moving party has

---

[3] Defendant's exhibit E, R. Miller Report.
[4] These defendants have been dismissed as employers and/or statutory employers. R. #47.
[5] Defendant's exhibit A, pp. 114-116.
[6] Fed. R. Civ. P. 56(c).
[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[8] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[9] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[10] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[11] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[12] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[13]

## LAW AND ANALYSIS

Under the LPLA, a manufacturer of a product "shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant…"[14] The LPLA requires a plaintiff to establish the following four elements:

> (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.[15]

---

[9] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[10] Anderson, 477 U.S. at 249.
[11] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[12] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[13] Anderson, 477 U.S. at 249-50.
[14] La. R.S. 9:2800.54(A).
[15] Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 261 (5th Cir. 2002).

3

Under the Act, a manufacturer can only be liable for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product.[16] The plaintiff has the burden of proving causation (as well as an unreasonably dangerous condition), and a plaintiff must prove not only causation in fact, but also that the product defect was the most probable cause of injury.[17] Thus, a manufacturer is not liable for damages brought about by an occurrence of a separate, independent, or superseding cause.[18]

Revco maintains that Mr. Wright has failed to present sufficient evidence to establish causation, reasonably anticipated use, or any unreasonably dangerous condition under any of the four theories set forth in the LPLA.

Revco maintains that plaintiff has failed to provide any evidence that the Black Stallion coveralls possessed an unreasonably dangerous condition that actually caused his injuries. As previously noted, plaintiff's expert opined that the injuries suffered by Mr. Wright were the direct result of the negligence committed by former defendants, ConocoPhillips and Excel Paralubes.[19] Plaintiffs assert that when the opinion was issued, Revco, was not yet a defendant in the lawsuit.

In his Statement of Contested Facts attached to plaintiff's opposition, Mr. Wright asserts that there is a genuine issue of material fact as to whether or not Derrick Johnson, plaintiff's co-

---

[16] La. 9:2800.54(A).
[17] 9:2800.54(D); Wheat v. Pfizer, Inc., 31 F.3d 340, 342 (5th Cir. 1994).
[18] Masters v. Courtesy Ford Co., 758 So.2d 171, 192, judgment vacated on other grounds, 765 So.2d 1055 (La. 6/30/00).
[19] See Report of R. Miller, p. 7, defendant's exhibit E.

4

worker, blew air on plaintiff. The court finds that this is irrelevant as to whether the coveralls possessed an unreasonably dangerous condition and/or as to causation.

*Causation*

Revco argues that the photograph, without expert testimony, does not prove causation, and therefore is not sufficient to defeat summary judgment.[20] Causation must be proven by a preponderance of the evidence.[21] A plaintiff must utilize expert testimony to establish causation when the issues are not within the everyday experience of the average juror.[22] Mr. Wright relies upon the photographs presented of the coveralls, but does not provide any expert testimony; his sole argument is that the photographs speaks for themselves. As noted by Revco, the average juror will not possess knowledge of fire-resistant garments and coating, and the manner in which the garment material reacts when a molten piece of metal or inflamed fire blanket is applied directly to the material. The court finds that Mr. Wright has failed to establish causation and therefore he cannot recover under the LPLA.

*Construction/composition or design defect*

Revco argues that to recover under the theory of a construction or design defect plaintiff must prove (1) that the subject coveralls materially deviated from Revco's specifications or performance standards for the coveralls, or from identical Black Stallion coveralls; and (2) of a feasible alternative design that existed at the time the product left Revco's control which would

---

[20] See Underwood v. General Motors, LLC, 2015 WL 5475610, at *3 (M.D. La. Sept. 17, 2015); see also Caboni v. General Motors Corp., 398 F.3d 357, 361 (5th Cir. 2005).
[21] United Fire Group v. Caterpillar, Inc. 2014 WL 4067756 (La.App. 1 Cir. 8/18/14), at *6.
[22] See Underwood, supra.

5

have prevented Plaintiff's injury, and the risk avoided by the alternative design outweighed the burden of its adoption.[23]

To recover under the LPLA, a product must be unreasonably dangerous in construction or composition.[24] Mr. Wright must show that at the time the coveralls left the manufacturer's control, it materially deviated from the manufacturer's specifications or performance standards for the product.[25]

Under the second theory, Mr. Wright must prove that the product is unreasonably dangerous in design[26] by showing that at the time the coveralls left the manufacturer's control; (1) there existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) the likelihood that the product's design would cause the claimant's damage, and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product.[27]

Mr. Wright has failed to present any evidence to establish that the coveralls were defective as to their construction, composition and/or design. Therefore, Mr. Wright cannot recover under these particular theories in the LPLA.

*Inadequate warning*

---

[23] La. R.S. § 9:2800.55; Morgan v. Gaylord Container Corp., 30 F.3d 586, 590 (5th Cir. 1994).
[24] La. R. S. § 9:2800.54(B).
[25] La. R.S. § 9:2800.55.
[26] Id.
[27] Jaeger v. Automotive Cas. Ins. Co., 682 So.2d 292, 296-97 (La.App. 4th Cir. 1996)(citing La. R. S. § 9:2800.56).

6

Mr. Wright further asserts that there is a genuine issue of material fact as to whether there was an adequate warning that the fire retardant clothing will catch on fire and completely burn, and if there was a failure to warn that multiple washings will create a fire hazard. Plaintiff relies on photographs of the coveralls which indicates that the coveralls caught on fire causing Mr. Wright's injuries. Mr. Wright argues that the photographs reveal that the coveralls were not flame retardant.[28] Mr. Wright remarks that the care instructions attached to Defendant's motion for summary judgment state that the garment is flame resistant, but does not warn that the coveralls would actually catch on fire and burn.[29] Mr. Wright argues that the very fact that the coveralls did catch on fire and burn completely, as indicated by the photographs, is evidence of their inadequacy in design and manufacture. In other words, the manufacturer should have warned that the coveralls would burst into flames.

A product is unreasonably dangerous because an adequate warning about a damage-causing characteristic of the product has not been provided.[30] A manufacturer is not required to provide an adequate warning about its product when the user of the product already knows, or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.[31]

Revco maintains that Mr. Wright was a sophisticated user and therefore no warnings claim could stand.[32] Revco also maintains that plaintiff has not established that the use of the

---

[28] Plaintiff's opposition, R. #102-1, p. 4.
[29] Id., p. 5.
[30] La. R. S. § 9:2088.57(A).
[31] La. R. S. § 9:2800.57(B)(2).
[32] La. R. S. § 9:2800.57(B)(2).

7

coveralls was a reasonably anticipated use of the product.[33] To hold Revco liable under the LPLA, Mr. Wright must establish that his damages arose from a reasonably anticipated use of the product by the plaintiff.[34] "Reasonably anticipated use" is defined as "a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances."[35] "If damages are linked to a product's misuse (i.e., one that is not reasonably anticipated), then those damages are not recoverable under the Act."[36]

The garment tag warned that the coveralls only retained their flame resistant coating for 50 laundering cycles.[37] Mr. Wright's testimony establishes that the coveralls had been worn by him when he had worked for his former employer USI in early 2011.[38] Mr. Wright testified that he had no knowledge of how many times he had either worn the coveralls or laundered them.[39]

Revco notes that Mr. Wright's opposition is silent on this issue. In its motion for summary judgment, Revco stated that the fire-resistant coating on the coveralls was only effective up to 50 laundering cycles. Revco informs the court that Mr. Wright has not presented evidence to show that the coveralls had not been washed enough times to lose the effect of the coating and therefore, Mr. Wright cannot establish that his use of the coveralls on the date of the accident was reasonably anticipated.

---

[33] La. R. S. § 9.2800.54(A) and (D).
[34] Rayford v. Karl Storz Endoscopy Am. Inc., 2016 WL 4398513, at *3 (W.D. La. June 22, 2016) report and recommendation adopted, 2016 WL 4398542 (W.D. La. Aug. 17, 2016)..
[35] La. R. S. § 9:2800.53(7).
[36] Matthews v Remington Arms Co., 641 F.3d 635, 647 (5th Cir. 2011).
[37] Revco exhibit D.
[38] Photograph of USI insignia on coveralls, attached as Revco's exhibit G.
[39] Revco exhibit A, Wright depo. p. 115-116.

8

The court finds that there is no evidence to establish that Mr. Wright's use of the coveralls was a reasonably anticipated use because there is no evidence as to how many times the coveralls had been laundered, and there is no dispute that the coveralls were an older pair worn by Mr. Wright as far back as early 2011 when he worked for USI.

*Express warranty*

The last theory that a plaintiff may establish is that a product is unreasonably dangerous when the product does not conform to an express warranty made by the manufacturer of the product.[40] The plaintiff must also show that his damage was proximately caused because the express warranty was untrue.[41] Revco maintains that Mr. Wright has presented no evidence that he read the tags on the coveralls or relied upon any information he read in deciding to use the coveralls on the date of the accident. The court agrees and finds that Mr. Wright cannot establish an express warranty claim under the LPLA.

## CONCLUSION

Plaintiff has failed to present any evidence to establish causation which is fatal to his claims under the LPLA. We further find that plaintiff has failed to present evidence that his use of the coveralls was a reasonably anticipated use of the coveralls. Furthermore, Mr. Wright has not presented evidence to create a genuine issue of fact as to the individual theories of recovery under the LPLA. Accordingly, the motion for summary judgment will be granted dismissing with prejudice plaintiff's claims against Revco.

---

[40] La. R. S. § 9:2800.58.
[41] Id.

The Court determines that there is no just reason for delay and will hereby direct entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 16th day of January, 2017.

             *[signature]*
             **JAMES T. TRIMBLE, JR.**
             **UNITED STATES DISTRICT JUDGE**